UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA STOLL,

    Petitioner,

v.

    Case No. 1:15-cv-802

    HON. GORDON J. QUIST

ANTHONY STEWART,

    Respondent.

_____/

**MEMORANDUM OPINION AND ORDER**

    This is a habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation ("R&R") on June 13, 2017, recommending that this Court deny the petition. (ECF No. 13.) The matter is before the Court on Petitioner's objection to the R&R. (ECF No. 14.)

    This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

    Petitioner disagrees with the findings in the R&R, and argues that the Magistrate Judge failed to consider the fact that Petitioner is "still entitled to a qualitative analysis of the evidence presented to determine if the requisite standard for a guilty verdict had been met." (ECF No. 14, PageID.1541.)

In Petitioner's objection, she argues that the Magistrate Judge did not determine whether there was sufficient evidence to prove each element of the crime beyond a reasonable doubt. (ECF No. 14, PageID.1538.) Petitioner did not raise an insufficiency-of-evidence claim in her § 2254 petition; and an objection to the R&R is not the appropriate time to raise a new claim for habeas relief. Because this ground was not raised before the Magistrate Judge or in her § 2254 petition, she arguably has waived it. *Robinson v. Curtin*, No. 1:11-cv-698, 2011 WL 6042606, at *1 (W.D. Mich. Dec. 5, 2011) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver.")).

In any event, Petitioner has not exhausted this claim in state court. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must first fairly present her federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner has not raised an insufficiency-of-evidence argument to the Michigan Court of Appeals or the Michigan Supreme Court. *Stoll*, 2014 WL 5409004, at *2; (ECF No. 8-10, PageID.1462-1467, 1478-82).

A petitioner has not exhausted available state remedies if she has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise this argument: she may file a motion for relief from judgment under Michigan Court Rule 6.502. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed a motion for relief from judgment in state court, so she has at least one available state remedy. Thus, to the extent that Petitioner properly raises a new claim in her objection, it is denied on exhaustion grounds.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's due process claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claim. *Id.* The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's due process claim was debatable or wrong.

To the extent that Petitioner properly raises an unexhausted new claim in her objection, the Court may only issue a certificate of appealability "when the prisoner shows, at least (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed Petitioner's insufficiency-of-evidence claim on exhaustion grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's objection to the R&R (ECF No. 14) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 13) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's § 2254 petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c).

A judgment will enter in accordance with this Memorandum Opinion and Order.

Dated: July 6, 2017                    /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE